UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6360-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PABLO ANAYA,

Defendant.
_____/

### DETENTION ORDER

Pursuant to 18 U.S.C. section 3142(f), a hearing was held on October 23, 2001 to determine whether the Defendant, PABLO ANAYA, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, it is ORDERED that PABLO ANAYA be detained prior to trial and until the conclusion thereof. In accordance with the provisions of 18 U.S.C. section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

(1) The Defendant is charged in a multiple count Indictment with conspiracy to commit theft of interstate shipment of property and theft of interstate shipment of property, in violation of 18 U.S.C. sections 371 and 659.

(2) The weight of the evidence is substantial. A Grand Jury has indicted the Defendant on the aforesaid charges, thereby establishing probable cause that Defendant committed the offenses enumerated in the Indictment. The Government also proffered that its case against the Defendant is strong based in part on physical surveillance of the Defendant by law enforcement officers. In addition, according to the Government's proffer, within two weeks after law enforcement officers notified Defendant's wife of an outstanding warrant for Defendant's arrest and their inquiries as to his



whereabouts, Defendant failed to turn himself in and obtained false identification including a phony drivers license bearing Defendant's photograph. Further, when law enforcement officers attempted to stop and question the Defendant about his actions involving this case, and upon the presence of police, Defendant fled his vehicle to evade capture. Defendant was eventually apprehended after a canine unit was called in. Additionally, according to the Government's proffer and the Pretrial Services Report, herein incorporated by reference, Defendant has a significant criminal record which includes a 1/98 arrest for failure to appear on a state probation violation charge.

(3) Based upon the above findings of fact, which are supported by a preponderance of the evidence, this Court concludes that Defendant presents a risk of flight.

(4) The Court specifically finds that there are no conditions or combination of conditions which would reasonably assure Defendant's appearance as required in the event of his pretrial release. 18 U.S.C. section 3142(e). Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel;

3. And, that on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in chambers at Miami, Florida this 2 day of January, 2001.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

*cc:*   *Joan Silverstein, AUSA; Vincent Farina, AFPD*