UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00 – 6360 CR-DIMITROULEAS

UNITED STATES OF AMERICA

        Plaintiff,

Vs.

PABLO ANAYA

        Defendant
_____/



## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, PABLO ANAYA, hereby files the following objections to his Presentence Investigation Report.

Defendant will use the page and paragraph number of the report for ease of reference.

**Page 3 Date of Birth:** Defendant was born on 6/28/65 as noted at page 23, paragraph 68. Resolution of this dispute will not affect the sentence.

**Page 3 Alias:** Defendant has never used "Pablo Anya." Defendant thinks that "Pablo Anayo" is a typographical error or a misreading of his signature. Defendant does not recall using the listed social security number. Resolution of these disputes will not affect the sentence.

**Page 15 paragraph 32:** Defendant Medina, whose participation and relevant conduct was almost identical to that of Defendant, received a 12 month sentence.

**Page 18 paragraph 42** Defendant did submit a statement.

**Page 18 paragraph 45:** Defendant objects to a 2 point enhancement pursuant to § 2B1.1(b)(4)(A) for more than minimal planning because the offense of conviction necessarily involves conduct such as engaged in by Defendant herein. Dealing in stolen property always

cr-06360-WPD   Document 226   Entered on FLSD Docket 06/25/2001

USA vs. Pablo Anaya
Case No. 00-6360-CR-Dimitrouleas
Objections to PSI
Page 2 of 5

involves the transportation and or possession of such property. The activities of Defendant are not overly complicated nor was Defendant involved in some elaborate scheme involving any more planning than the "run of the mill" dealing in stolen property case. There must be more planning than is typical for commission of the offense in a simple form, § 1B1.1, Application note 1(f) and examples contained therein.

**Page 18 paragraph 49:** Defendant's adjusted offense level will be 14 if the above objection is upheld.

**Page 18, paragraph 51:** Defendant has accepted responsibility and is entitled to a 2 or 3 point reduction depending on whether his adjusted offense level is 16 or 14.

**Page 18, paragraph 52:** Defendant's total offense level is therefore 13 or 12.

## Criminal History

**Page 20, paragraph 58**
**Page 21, paragraph 59**   These paragraphs refer to two convictions for fish and game violations. Pursuant to USSG § 4A1.2(c) **the** (emphasis supplied) sentence for such a violation is only counted in criminal history calculations if said sentence is for a term of probation of at least one year or a term of imprisonment of at least 30 days.

Defendant's original sentence on 4/18/96 in case # KW95-1041MMA was for six months probation to be followed by a consecutive six month probation. This sentence may not be scored in criminal history calculations.

Defendant next received **one** sentence of 420 days for the new violations that were also probation violations of the first non-scoring violation and the second otherwise non-scoring violation. Defendant should therefore receive only three (3) criminal history points.

cr-06360-WPD    Document 226    Entered on FLSD Docket 06/25/2001

USA vs. Pablo Anaya
Case No. 00-6360-CR-Dimitrouleas
Objections to PSI
Page 3 of 5

Alternatively these sentences were for related offenses since they were triggered by the same arrest and tried together. Sentence was also imposed at the same time by the same court. Defendant should receive only three, not six, criminal history points. See Exhibit 1, ORDER OF CONTINUANCE, and Exhibit 2, JUDGMENT AND SENTENCE. Please note that this form does not contain a space allowing formal consolidation, although the very last space at the bottom of the page, labeled "other," is checked.

This is not a situation where the criminal history points for a misdemeanor are bumped up for a subsequent sentence imposed for a probation violation of the original misdemeanor. A fish and game violation is not scored unless the sentence is of sufficient length. The sentence, not the conviction, triggers the criminal history calculation. In all other cases the conviction triggers the criminal history calculation while the length of sentence sets the amount of criminal history points scored. Accordingly there is no intervening arrest between the events that triggered Defendant's criminal history score. The offenses are therefore related.

See also §4A1.2(4) and Application note 1 (convictions for which a defendant has not yet been sentenced). Convictions for offenses set forth in § 4A1.2(c)(1), (fish and game violations) are to be scored only where such convictions are for similar offenses thereby disregarding the alternative method of scoring based on the length of sentence. Again these type of violations are treated differently than otherwise scorable offenses where the amount of criminal history points scored depends on the length of sentence.

Convictions for offenses that are always scored (but the number of points scored depends on the length of sentence) are counted in a different fashion.

These sentences may only be scored as three (3) points because the scorable sentence(s) came into being on the same occasion under §4A1.2 Application note 3 (A). Alternatively said

USA vs. Pablo Anaya
Case No. 00-6360-CR-Dimitrouleas
Objections to PSI
Page 4 of 5

cases were consolidated for sentencing and trial and there was no intervening arrest, § 4A1.2 Application note 3 (C), between the event that triggered the scoring of otherwise nonscorable convictions, the second arrest and subsequent trial and sentence.

Under any of the above scenarios Defendant should receive only three (3) criminal history points for the fish and game violations.

**Page 22 paragraph 62:** Defendant therefore has 8 criminal history points and a criminal history of category IV.

**Page 24 paragraph 72:** Defendant adds that he sends $200.oo to $300.00 per month to his daughter.

**Page 26 paragraph 94:** Defendant's guidelines imprisonment range. Will vary depending on the Court's rulings on his objections as follows;

Category V level 13   range 30-37 months

Category V level 12   range 27-33 months

Category IV level 13  range 24-30 months

Category IV level 12  range 21-27 months

## REQUEST FOR DOWNWARD DEPARTURE

The Defendant requests that the Court consider a downward because his criminal history is significantly less serious than most Category V defendants. Six of Defendant's criminal history points are derived from otherwise nonscoring fish and game violations.

The severity of the sentences received by Defendant is a function of the fact that these violations took place in the Florida Keys, where, like horse-stealing in the Old West, lobster poaching is a "hanging offense." The severity of the sentences drives Defendant's criminal history score.

cr-06360-WPD    Document 226    Entered on FLSD Docket 06/25/2001

USA vs. Pablo Anaya
Case No. 00-6360-CR-Dimitrouleas
Objections to PSI
Page 5 of 5

The main goal of the Guidelines is for uniformity of sentence across the entire country. A defendant with two prior fish and game violations and this Defendant's other priors in other jurisdictions would most likely not be at Category V.

Defendant's criminal history as scored overstates his real world criminal conduct.

## REQUEST FOR JUDICIAL RECOMMENDATION

Defendant requests that the Court request that he be imprisoned as close to South Florida as possible as is consistent with his Bureau of Prison classification.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof was mailed this $21$ day of June, 2001 to A.U.S.A Donald Chase II, 500 East Broward Blvd, Suite 700, Ft. Lauderdale, Florida 33394, and to U.S.P.O. Julia K. Hyle, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132-2126.

Respectfully submitted:

By: Leonard P. Fenn, Esq.
Florida Bar No. 237337
**DeFabio and Fenn, P.A.**
2121 Ponce de Leon Blvd, Suite 430
Coral Gables, Florida 33134
(304) 448-7200 /(305) 444-0913 Fax

IN THE COUNTY COURT
OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
LOWER KEYS CRIMINAL DIVISION

STATE OF FLORIDA,
    Plaintiff,

v.

CASE NOS. KW-95-1041-MM
and KW-96-1302-MM

PABLO ANAYA,
    Defendant.
_____/

### ORDER OF CONTINUANCE OF SENTENCING DATE AND SETTING NEW DATES IN BOTH ABOVE CASES

THIS CAUSE having been heard on the parties' Joint Motion for Continuance, and the court having considered the motion and the grounds set forth therein, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the sentencing set in case KW 96-1302-MM and the VOP evidentiary hearing in case KW-95-1041-MM shall be reset together for _April 16_, 199_8_, at _2:30_ a.m./(p.m.) This order shall serve as notice to all concerned of the new dates in the above-styled cases.

DONE AND ORDERED in Chambers, at Key West, Monroe County, Florida, this _13_ day of _April_, 1998.

_____
COUNTY JUDGE

Copies furnished to:
State Attorney
Wayne Kruer, Esq.



EXHIBIT
1



STATE OF FLORIDA ) CASE NO. KW-95-1041-mm
                                  KW 96-1302-mm
vs. )
                  ) JUDGMENT AND SENTENCE
        Defendant. )
Pablo Anaya )

THIS CAUSE came on to be heard on <u>June 11</u>, 19<u>98</u>,
and the Defendant being:
    ✓ present and represented by <u>Kruer</u>;
    ___ represented by _____ in absentia;
    ___ present without counsel; (waived)

and the Defendant having entered a plea of <u>Guilty</u> to the
offense(s) of (#1) poss of 121 C/F closed season, (#2) poss of 121 using C/F tails a violation of
(#3) poss of 90 oversize Clawsher C/F tails (#4) poss of 121 hooked C/F
    ___ City of Key West Ordinance No. _____
                                                Rule 46-24-005 (#1)
    ✓ Florida Statute <u>370.027(2,4)</u>           46-24-003 (#2)
                                                46-24-003 (#2)
                                                46-24-006 (#3)
and having waived presentation of a prima facia case by the State of
Florida,
    ___ The Court withholds adjudication of guilt.
    ✓ The Court adjudges the Defendant guilty of said
        offense(s).

    SPECIAL CONDITIONS:

    ___ Defendant's probation is hereby terminated
        unsuccessfully.
    ___ Defendant's probation is hereby modified as follows:

    ___ Defendant is placed on non-reporting probation for a
        a period of _____.

IT IS THE SENTENCE OF THE LAW AND JUDGMENT OF THE COURT that:

    ✓ the Defendant pay a fine in the amount of
        $<u>See below</u>, plus court costs in the amount of (#1) poss of 121 C/F closed season
        $<u>2500</u> for the offense of (#2) poss of 121 using C/F tails
                                        (#3) poss of 90 oversize C/F ta
    ✓ you, <u>Pablo Anaya</u>                 (#4) poss of 121 hooked C/F
        incarcerated in the Monroe County Jail for a period
        of <u>420</u> days with credit for time already served
        in the County Jail of <u>246</u> days.

    ___ Sentence to run concurrent with sentence imposed in
        Case No. <u>KW-96-1302mm</u>
        Other: (#1) $5,350 /(#2) $5,350 /(#3) $4,630 /(#4) $500.00  $500
    <u>20</u>                                       $500 FMP       S.A.C.
        DONE and ORDERED at Key West, Monroe County, Florida, this
        _____ day of <u>April</u>, 19<u>99</u>.

                                    _____
                                              JUDGE

EXHIBIT 2